1  MICHAEL R. SIMMONDS (SBN 96238)
   msimmonds@snllp.com
2  CHRISTOPHER M. SPAIN (SBN 265465)
   cspain@snllp.com
3  SIMMONDS & NARITA LLP
   44 Montgomery Street, Suite 3010
4  San Francisco, CA 94104-4816
   Telephone: (415) 283-1000
5  Facsimile:  (415) 352-2625

6

7  Attorneys for defendant
   AllianceOne Receivables Management, Inc.

8

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                    SOUTHERN DIVISION

12

13  MARK WAITE, an individual        )  CASE NO.:SACV 12 - 02055 JVS (JPRx)
                                     )
14              Plaintiff,           )
                                     )  NOTICE OF REMOVAL
15         vs.                       )
                                     )
16  ALLIANCEONE RECEIVABLES          )
    MANAGEMENT, INC.; and DOES 1     )
17  through 10 inclusive,            )
                                     )
18              Defendants.          )
                                     )
19  _____  )

20

21

22

23

24

25

26

27

28

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2        PLEASE TAKE NOTICE that defendant AllianceOne Receivables

3  Management, Inc. ("Defendant"), a privately-held Delaware corporation, hereby

4  removes to this Court the state court action described below.

5        1.    On October 15, 2012, a complaint was filed against Defendant by

6  plaintiff Mark Waite ("Plaintiff"), in an action pending in the Superior Court of the

7  State of California in and for the County of Orange, Central Justice Center, entitled

8  *Mark Waite v. AllianceOne Receivables Management, Inc., et al.*, Case No. 30-

9  2012-00606348.  A copy of the state court Summons and Complaint, the Civil Case

10 Cover Sheet, and other documents issued by the state court (collectively,

11 "Complaint") that was served on Defendant is attached hereto as **Exhibit A**.

12       2.    This removal petition is timely under 28 U.S.C. § 1446(b) because

13 Defendant was first served with a copy of the Complaint on November 1, 2012.

14                          **JURISDICTION**

15       3.    This action is a civil action of which this Court has original

16 jurisdiction under 28 U.S.C. § 1331 and which may be removed to this Court by

17 Defendant pursuant to the provisions of 28 U.S.C. § 1441(a) in that the Complaint

18 asserts claims against Defendant allegedly arising under 15 U.S.C. § 1692 *et seq.*

19 (the "Fair Debt Collection Practices Act").  *See* Exhibit A, ¶¶ 1, 4, 6-7, 28-30.

20       4.    As the Complaint was filed in the Superior Court of the State of

21 California, County of Orange, venue in this District and Division is proper.  *See* 28

22 U.S.C. § 1441(a) (providing for removal "to the district court of the United States

23 for the district and division embracing the place" where the state court action is

24 pending); 28 U.S.C. § 84(c)(3) (Central District, Southern Division comprises,

25 *inter alia,* the county of Orange).

26       5.    Defendant is represented by the undersigned.

27 //

28 //

---

WAITE V. ALLIANCEONE RECEIVABLES MANAGEMENT, ET AL. (CASE NO.: )
NOTICE OF REMOVAL                                                    1

1  DATED: November 27, 2012

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SIMMONDS & NARITA LLP
MICHAEL R. SIMMONDS
CHRISTOPHER M. SPAIN

By: _____
    Christopher M. Spain
    Attorneys for defendant
    AllianceOne Receivables
    Management, Inc.

Exhibit A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ALLIANCEONE RECEIVABLES MANAGEMENT, INC.; and DOES
1 through 10 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARK WAITE, an individual,

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

OCT 15 2012

ALAN CARLSON, Clerk of the Court

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is: *(El nombre y dirección de la corte es):* Superior Court of California | CASE NUMBER: *(Número del Caso):* 30-2012 00 60 63 48 |
|---|---|

Orange County, Central Justice Center
700 Civic Center Drive West, Santa Ana, CA 92701   *JUDGE THIERRY PATRICK COLAW*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *DEPT. C25*
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jeremy S. Golden, 3130 Bonita Road, Sutie 200B, Chula Vista, CA 91910.  Phone (619) 476-0030

| DATE: *(Fecha):* OCT 15 2012 | ALAN CARLSON Clerk, by *(Secretario)* L FUENTES | , Deputy *(Adjunto)* |
|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons. (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Allianceone Receivables Management, Inc

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 455
www.courtinfo.ca.gov

Jeremy S. Golden (SBN 228007)
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
jeremy@goldencardona.com
Phone: 619-476-0030; Fax: 775-898-5471
Attorney for Plaintiff

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

OCT 15 2012

ALAN CARLSON, Clerk of the Court

**SUPERIOR COURT OF CALIFORNIA**
**ORANGE COUNTY, CENTRAL JUSTICE CENTER**

30-2012

| | |
|---|---|
| MARK WAITE, an individual, | ) Case No.: |
| | ) |
| Plaintiff | ) **COMPLAINT AND DEMAND FOR** |
| | ) **JURY TRIAL (Unlawful Debt** |
| v. | ) **Collection Practices)** |
| | ) |
| ALLIANCEONE RECEIVABLES | ) |
| MANAGEMENT, INC.; and DOES 1 | ) |
| through 10 inclusive, | ) |
| | ) |
| Defendants. | ) |

00 60 63 48

JUDGE THIERRY PATRICK COLAW
DEPT. C25

## I. INTRODUCTION

1.     This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq.* ("Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

//

1
COMPLAINT AND DEMAND FOR JURY TRIAL

## II. PARTIES

2.      Plaintiff MARK WAITE is a natural person residing in Orange County, California.

3.      Defendant ALLIANCE ONE RECEIVABLES MANAGEMENT, INC. at all times relevant was a corporation doing business of collecting debts in California operating from an address at 4850 Street Road, Suite 300, Trevose, PA 19053.

4.      Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

5.      The true names and capacities, whether individual, corporate (including officers and directors thereof), associate or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues these Defendants by such fictitious names. Plaintiff is informed and believes, and alleges that each Defendant designated as a DOE is involved in or is in some manner responsible as a principal, beneficiary, agent, co-conspirator, joint venturer, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events and/or acts hereinafter described, and thereby proximately caused injuries and damages to Plaintiff. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

6.      Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

7.      The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

8.      Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

9.      The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

### III.  FACTUAL ALLEGATIONS

10.    In or around December 2011 Defendant was attempting to collect an alleged debt ("the Debt") from Plaintiff.

11.    On or about December 7, 2011 Plaintiff and Defendant agreed to a Payment Plan as follows: (a) Plaintiff would pay and Defendant would accept 24 payments of $400 per month with the first payment being processed on December 30, 2011 via automatic debit; and (b) Defendant would be charged 0% interest for 24 months and 100% of the payments would go towards principal.

12.    On December 21, 2011 Defendant sent Plaintiff a reminder of the first payment on the Payment Plan and stated in the letter a balance that was not accurate.  The figure for the balance was $1,500 more than it was in September 2011 and $400 more than it was on December 7, 2011.

13.    Plaintiff made the first payment as agreed.

14.    On or about January 24, 2012 Defendant sent another reminder notice for the second payment and again wrongfully inflated the balance of the Debt.

15.    Plaintiff called Defendant's representative Richard and disputed the increase to the balance.

16.    Richard put Plaintiff on hold purportedly checking Defendant's records and agreed that the interest rate should be zero and although he could not fix it retroactively, he would fix it going forward.

17.    On or about February 21, 2012 Defendant sent a third payment reminder and again wrongfully inflated the balance.

18.    Defendant was wrongfully charging interest to Plaintiff and the balance was increasing when it should have been decreasing.

19.    Defendant sent Plaintiff's statements that showed he had been charged $474.54 in interest from January 7, 2012 to February 7, 2012 and a total of $903.86 in interest in 2012.  Plaintiff should not have been charged this interest.

20.    On or about February 21, 2012 Plaintiff contacted Defendant again to dispute

1  the wrongfully charged interest.

2       21.    Defendant's representative purportedly checked the account's notes and agreed
3  that interest was wrongfully charged.

4       22.    Defendant's representative stated that the account would be corrected moving
5  forward.

6       23.    On or about April 18, 2012 Plaintiff contacted Defendant to inquire as to how
7  the errors were going to be corrected.

8       24.    Plaintiff spoke with Richard who stated that there was nothing that could be
9  done and then upon Plaintiff's request his call was transferred to Jason, a supervisor.

10      25.    Jason refused correct the statements so that the balance was accurately reflected
11  and at one point stated that he had better things to do then discuss this matter with Plaintiff.

12      26.    Jason further threatened to cancel the Payment Plan altogether.

13      27.    As a result of the acts alleged above, Plaintiff has suffered emotional distress.

14  ## IV.  FIRST CAUSE OF ACTION

15  ### (Against Defendants for Violation of the FDCPA)

16      28.    Plaintiff repeats, realleges and incorporates by reference all of the foregoing
17  paragraphs.

18      29.    Defendants violated the FDCPA.  Defendants' violations include, but are not
19  limited to, the following:

20          (a)    The Defendants violated 15 U.S.C. § 1692e by using false, deceptive,
21                 or misleading representations or means in connection with the
22                 collection of a debt;

23          (b)    The Defendants violated 15 U.S.C. § 1692e(2)(A) by giving the false
24                 impression of the character, amount or legal status of the alleged debt;

25          (c)    The Defendants violated 15 U.S.C. § 1692e(10) by using a false
26                 representation or deceptive means to collect or attempt to collect any
27                 debt or to obtain information regarding a consumer;

28          (d)    The Defendants violated 15 U.S.C. § 1692(f) by using unfair or

unconscionable means to collect or attempt to collect a debt; and

    (e)    The Defendants violated 15 U.S.C. § 1692(f)(1) by attempting to collect an amount not authorized by the agreement that created the debt or permitted by law.

30.   As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

## V.  SECOND CAUSE OF ACTION

### (Against Defendants for Violation of the Rosenthal Act)

31.   Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

32.   Defendants violated the Rosenthal Act, by including but not limited to, the following:

    (a)    The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt;

    (b)    The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt;

    (c)    The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

    (d)    The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt; and

    (e)    The Defendants violated California Civil Code §1788.17 by failing to comply with 15 U.S.C. § 1692(f)(1) by attempting to collect an amount

1      not authorized by the agreement that created the debt or permitted by

2      law.

3      33.    Defendants' acts as described above were done intentionally with the purpose of

4 coercing Plaintiff to pay the Debt.

5      34.    As a proximate result of Defendants' violations enumerated above, Plaintiff has

6 been damaged in amounts which are subject to proof.

7      35.    Defendants' violations of the Rosenthal Act were willful and knowing.

8 Defendants are therefore liable to Plaintiff for a declaratory judgment that Defendants'

9 conduct violated the Rosenthal Act and Plaintiff's actual damages, statutory damages, and

10 attorney's fees and costs pursuant to California Civil Code §1788.30.

11

12      WHEREFORE, Plaintiff respectfully requests that judgment be entered against

13 Defendants and each of them for the following:

14      (a)  Actual damages;

15      (b)  Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code

16          §1788.30(a);

17      (c)  Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and

18          California Civil Code §1788.30(b) and §1788.30(c); and

19      (d)  For such other and further relief as the Court may deem just and proper.

20

21 Date: _____10 / 9 / 12_____

22

23

24                                    Jeremy S. Golden,
                                      Attorney for Plaintiff

25 //

26 //

27 //

28 //

1

2                    **DEMAND FOR JURY TRIAL**

3        Please take notice that Plaintiff demands trial by jury in this action.

4

5   Date:   1 0 / 9 / 12

6

7                                   _____

8                                   Jeremy S. Golden
                                    Attorney for Plaintiff
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jeremy S. Golden (SBN 228007)<br>Golden & Cardona-Loya, LLP<br>3130 Bonita Road, Suite 200B<br>Chula Vista, CA 91910<br>TELEPHONE NO.: 619-476-0030   FAX NO.: 775-898-5471<br>ATTORNEY FOR (Name): Plaintiff Mark Waite | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER<br><br>OCT 15 2012<br><br>ALAN CARLSON, Clerk of the Court |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **ORANGE**
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, CA 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Waite vs. Allianceone Receivables Management, Inc.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2012 |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000)    ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | 00606348 <br> JUDGE: <br> DEPT: |

~~JUDGE THERRY PATRICK COLAW~~
~~DEPT. C25~~

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☑ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 1) Violations of the FDCPA 2) Violation of the Rosenthal Act
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 10/09/2012
Jeremy S. Golden
_____
(TYPE OR PRINT NAME)        ►        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice– Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Page 2 of 2

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

### NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

### ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.**  A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.**  When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.**  In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.**  ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.**  In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.**  Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.**  If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

**Less discovery.**  There generally is less opportunity to find out about the other side's case with ADR than with litigation.   ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.**  The neutral may charge a fee for his or her services.  If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.**  Lawsuits must be brought within specified periods of time, known as statues of limitation.  Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

### TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.**  In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

    **Cases for Which Arbitration May Be Appropriate.**  Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

    **Cases for Which Arbitration May <u>Not</u> Be Appropriate.**  If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.**  In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

    **Cases for Which Mediation May Be Appropriate.**  Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

    **Cases for Which Mediation May <u>Not</u> Be Appropriate.**  Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.**  In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the Yellow Pages under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 851-3168
- Orange County Human Relations (714) 834-7198

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) pilot programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | FOR COURT USE ONLY |
|---|---|

Telephone No.:                          Fax No. (Optional):
E-Mail Address (Optional):
ATTORNEY FOR *(Name)*:                  Bar No:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13th Street, Westminster, CA 92683-0500

**PLAINTIFF/PETITIONER:**

**DEFENDANT/RESPONDENT:**

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s),_____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
           ☐ Under section 1141.11 of the Code of Civil Procedure
           ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____     _____     _____
                   (SIGNATURE OF PLAINTIFF OR ATTORNEY)     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____     _____     _____
                  (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                   California Rules of Court, rule 3.221
L1270 (Rev. January 2010)

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>**JUSTICE CENTER:**<br>☒ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045<br>☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512<br>☐ Harbor-Laguna Hills Facility – 23141 Moulton Pkwy., Laguna Hills, CA 92653-1251<br>☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595<br>☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500<br>☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-0500 | *FOR COURT USE ONLY* |
| **PLAINTIFF/PETITIONER:**<br><br>**DEFENDANT/RESPONDENT:** | |
| **ALTERNATIVE DISPUTE RESOLUTION (ADR)<br>NEUTRAL SELECTION AND PARTY LIST**<br><br>☐ Arbitration  ☐ Mediation  ☐ Neutral Evaluation | **CASE NUMBER:** |

**(ATTACH THIS FORM TO FORM L-1270, ALTERNATIVE DISPUTE RESOLUTION (ADR)
STIPULATION, AND FILE IT WITH THE COURT.)**

## ADR NEUTRAL SELECTION

For Arbitration, parties may select a Neutral and Alternate or may have a Neutral randomly assigned from the Court's Panel.  For Mediation and Neutral Evaluation, parties must select a Neutral and an Alternate below.

☐ For Arbitration, please check this box to have an arbitrator assigned at random.

The parties select the following Neutral and Alternate from the Court ADR Panel:

Neutral: _____

Alternate: _____

The above named Neutral will be notified by a Notice of Assignment of ADR Neutral that he or she has been selected as the neutral in this proceeding.  In the event the neutral does not accept the assignment, a new Notice of Assignment of ADR Neutral will be sent to the above named Alternate.  The assignment of the Alternate to serve as the Neutral does not extend the time to complete the ADR process.

---

**ALTERNATIVE DISPUTE RESOLUTION (ADR)
NEUTRAL SELECTION AND PARTY LIST**

Adopted for Mandatory Use
L2748 (New February 2008)

www.occourts.org

| Short Title: | Case Number: |
|---|---|
| | |

## PARTY LIST
### (Including Affiliates)

The parties agree that the ADR Session may be conducted on one of the following dates:

1._____  2._____  3._____  4._____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

Attorney and Firm Name:_____

Mailing Address:_____City_____ZIP_____

Area Code and Telephone Number:_____ Fax_____

Attorney for:_____

This Party List must also include the full names, addresses, and phone numbers of corporate parties' parent and subsidiary corporations, and of all insurance carriers.  Counsel must immediately notify the neutral upon discovery if any attorney or self-represented party is not listed on this Party List Form.

☐ Attach additional copies of this page if necessary to include additional parties, affiliated entities or insurance carriers.

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## NEUTRAL SELECTION AND PARTY LIST

# SUPERIOR COURT OF CALIFORNIA
## ORANGE COUNTY – CENTRAL JUSTICE CENTER
## CIVIL DEPARTMENT CALENDAR SCHEDULING CHART
**Ex Parte applications must comply with California Rules of Court, rules 3.1200 – 3.1207**
**Court Local Rules are located at www.occourts.org**

| Dept. | Judicial Officer | Motion Days and Time | Ex Parte Days and Time | Telephonic Notice to Courtroom the day before the hearing but no later than: | Ex Parte Application and Proposed Order presented to the court the day before the hearing but no later than: | Rulings posted on Internet? | Other Call for available dates. |
|---|---|---|---|---|---|---|---|
| C11 | BANKS 657-622-5211 | Friday 1:30 p.m. | Daily 8:45 a.m. | Noon day before Ex Parte hearing-Reservation must be made with courtroom prior to hearing being set | 3:00 p.m. | Yes | Call (657) 622-5211 to reserve motion date. Moving party must submit on moving papers unless court invites oral argument. Counsel must reserve Ex Parte hearings with the courtroom by calling (657) 622-5211 and supply whatever information may be requested |
| CX103 | BAUER 657-622-5303 | Monday 9:00 a.m | T, Th 1:30 p.m. | 10:00 a.m. day before Ex Parte hearing-Reservation must be made with courtroom prior to hearing being set | 12:00 p.m. | No | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves the right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310) 914-7884 or (888) 88-COURT |
| C20 | CHAFFEE 657-622-5220 | Friday 9:30 a.m. | Daily 1:30 p.m. | None | Noon | Yes 3:00 p.m. the day before | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves the right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310) 914-7884 or (888) 88-COURT |
| C25 | COLAW 657-622-5225 | Friday 10:00 a.m. | Daily 1:30 p.m. | noon day before Ex Parte hearing-Reservation must be made with courtroom prior to hearing being set | 3:00 p.m., day before the Ex Parte hearing | Yes, 3:00 p.m. day before for Law and Motion only | Teleconference appearances will be allowed for Case Management Conferences, OSC re Dismissal, Review hearings and Law and Motion hearings. They do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT. |
| C15 | FIRMAT 657-622-5215 | Wednesday 3:00 p.m. | Daily 1:30 p.m. | Not required | 11:00 a.m. | Yes | Teleconference appearances are voluntary and do not require consent by court or other parties. However, the court reserves to right to reject any request. Teleconference appearances are conducted in conformity with the guidelines, which are available by calling CourtCall, LLC at (310)914-7884 or (888) 88-COURT. |
| C18 | DI CESARE 657-622-5218 | Thursday 1:30 p.m. | M,T,W,F 1:30 p.m. | Noon | 3:00 p.m., day before the Ex Parte hearing | May be posted by 5:00 pm Wed | If there is no appearance for argument, the court will order the tentative ruling to become effective and final the date of the hearing. |

6/26/12



# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE

**Superior Court of California, County of Orange**

700 W. Civic Center Drive
Santa Ana, CA 92702

## PAYMENT RECEIPT

**Receipt #:** 11071992

**Clerk ID:** lfuentes          **Transaction No:** 11248100          **Transaction Date:** 10/22/2012          **Transaction Time:** 10:21:27 AM

| Case Number | Fee Type | Qty | Fee Amount$ | Balance Due | Amount Paid | Remaining Balance |
|---|---|---|---|---|---|---|
| 30-2012-00606348-CU-NP-CJC | 194 - Complaint or other 1st paper | 1 | $435.00 | $435.00 | $435.00 | $0.00 |

| | | |
|---|---|---|
| Sales Tax: | $0.00 | |
| Total: | $435.00 | **Total Rem. Bal:** $0.00 |

Check Number(s): 1702

| | |
|---|---|
| Check: | $435.00 |
| Total Amount Tendered: | $435.00 |
| Change Due: | **$0.00** |
| Balance: | **$0.00** |

$25 will be charged for each returned check. www.occourts.org

## ORIGINAL

# SUPERIOR COURT OF CALIFORNIA

## ORANGE

**700 W. Civic Center DRIVE**

**Santa Ana , CA 92702**

**(657) 622-6878**

**www.occourts.org**

## NOTICE OF CASE ASSIGNMENT

Case Number: **30-2012-00606348-CU-NP-CJC**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon.<br>  Thierry Patrick Colaw | Central Justice Center | C25 | (657) 622-6878 |
| Hearing: | Date: | Time: | |
| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
| Hon. | | | |

[ x ]  ADR Information attached.

# SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Individual courtroom information and the items listed below may be found at: www.occourts.org.

Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings.

**Ex Parte Matters**

Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing.

**Noticed Motions**

* The following local Orange County Superior Court rules are listed for your convenience:
   - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.
   - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil)
* All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.
* Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet.

**Other Information**

Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.

All fees and papers must be filed in the Clerk's Office of the Court Location address listed above.

Date:  10/22/2012

Luz Fuentes _____ , Deputy Clerk

**NOTICE OF CASE ASSIGNMENT**

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:  700 W. Civic Center DRIVE<br>MAILING ADDRESS: P.O. Box 22014<br>CITY AND ZIP CODE: Santa Ana 92702<br>BRANCH NAME:  Central Justice Center | **FILED**<br>*SUPERIOR COURT OF CALIFORNIA*<br>*COUNTY OF ORANGE* |
| PLANTIFF:Mark White | |
| DEFENDANT:Allianceone Receivables Management Inc | Nov 13, 2012 |
| Short Title: White vs. Allianceone Receivables Management Inc | ALAN CARLSON, Clerk of the Court<br>By: **S. Garcia Jr.**, Deputy |
| **NOTICE OF HEARING** | CASE NUMBER:<br>30-2012-00606348-CU-NP-CJC |

Please take notice that a(n),  <u>Case Management Conference</u>  has been scheduled for hearing on <u>04/19/2013</u> at <u>09:00:00 AM</u> in Department <u>C25</u>  of this court, located at  <u>Central Justice Center</u> .

Clerk of the Court,  By: _____ , Deputy

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** ORANGE

Central Justice Center
700 W. Civic Center DRIVE
Santa Ana 92702

**SHORT TITLE:** White vs. Allianceone Receivables Management Inc

| **CLERK'S CERTIFICATE OF SERVICE BY MAIL** | CASE NUMBER: |
| --- | --- |
| | 30-2012-00606348-CU-NP-CJC |

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Hearing has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practices and addressed as indicated below. The certification occurred at Santa Ana, California, on 11/13/2012. The mailing occurred at Sacramento, California on 11/14/2012.

Clerk of the Court, by: _Servando Garcia_ , Deputy

GOLDEN & CARDONA-LOYA, LLP
3130  BONITA ROAD # 200-B
CHULA VISTA, CA 91910

---

**CLERK'S CERTIFICATE OF SERVICE BY MAIL**

Page: 2

Code of Civil Procedure , § CCP1013(a)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV12- 2055 JVS (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>MARK WAITE | DEFENDANTS<br>ALLIANCEONE RECEIVABLES MANAGEMENT, INC. |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>Jeremy S. Golden (SBN 228007)<br>Golden & Cardona-Loya, LLP<br>3130 Bonita Road, Suite 200B, Chula Vista, CA 91910; Tel.: (619) 479-0030 | Attorneys (If Known)<br><br>Michael R. Simmonds (SBN 96238) & Christopher M. Spain (SBN 265465)<br>Simmonds & Narita LLP<br>44 Montgomery Street, Suite 3010, San Francisco, CA 94104<br>Tel.: (415) 283-1000 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff    ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant    ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding    ☒ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from another district (specify):    ☐ 6 Multi-District Litigation    ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No          ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Plaintiff alleges violations of 15 U.S.C. 1692, et seq. (Fair Debt Collection Practices Act)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS<br>PERSONAL INJURY | TORTS<br>PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☒ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| | ☐ 190 Other Contract | | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**   Case Number: **SACV 12 - 02055 JVS (JPRx)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Delaware |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date November 27, 2012

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |